IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MARYLAND

ALEXA TAYLOR,
748 Monet Drive
Hagerstown, Maryland 21740

      Plaintiff,

vs.

BERKS CREDIT & COLLECTIONS,
900 Corporate Center Drive
Reading, Pennsylvania 19605

      Defendant.

Civil Action No:

 

Plaintiffs, Alexa Taylor ("Taylor"), on behalf of herself (hereinafter as "Plaintiff"), by and through her undersigned attorney, allege against the Defendant, Berks Credit & Collection (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendants' multiple violations of 15 U.S.C. § 1692, *et seq.*, Fair Debt Collections Practices Act (hereinafter "FDCPA"). More specifically, Defendant, during the course of their 3rd party collection efforts of what are numerous consumer debts, violated multiple credit based reporting clauses of the FDCPA.

## JURSIDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff Alexa Taylor is a natural person, who at all relevant times has resided in the city of Hagerstown, Washington County, state of Maryland. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

5. Defendant is a corporation doing business in the State of Maryland, with its corporate address at 900 Corporate Center Dr, Reading, PA 19605. Defendant, Berks Credit & Collections, is a "debt collector" as defined by 15 U.S.C § 1692a(6), as it regularly collects on various personal debts ranging inclusive of but not limited to debts stemming from various providers.

## FACTUAL STATEMENT

6. In July of 2016, Taylor ran and reviewed a copy of her credit report. Upon review, Taylor noticed a tradeline furnished by Defendant, Berks Credit & Collections.

7. The Defendant tradeline listed, *inter alia*, alleged balance due and owing of $135.00, as well as listing the source of the debt as one of "MEDICAL PAYMENT DATA." Debt derived from medical services has long been held to be consumer debt, debt utilized for personal and/or household purposes.

8. On August 19, 2016, Taylor caused a written dispute to be sent to the Defendant. Same was sent via facsimile and received by Defendant the same day.

9. On November 7, 2016, and with Taylor having received nothing in the way of documentation showing the veracity of the Defendant trade lines, a second credit report was run.

10. The second credit report still contained the trade lines furnished by Defendant, and more troublingly, same had failed to be marked disputed.

11.     Upon information and belief, and as of the date of this filing, Defendant has failed to mark the trade lines disputed, delete them from the credit report or provide Taylor with any documentation to support their veracity.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e(8)

12.     Taylor repeats and realleges the allegation contained in paragraphs 1 through 11 above and incorporates them as if set forth specifically herein.

13.     In late July of 2016, Plaintiff ran and viewed a copy of her credit report.  During review Taylor noticed a tradeline furnished by Defendant, with listing the debt originating with "Medical Payment Data."  Taylor was unsure as to the actual origin of the debt, i.e. what doctor(s) and or service(s) were involved as well as being unable to identify the alleged amount due and owing was accurate.  Accordingly, Taylor disputed the debt with Defendant.

14.     On August 19, 2016 Taylor caused a written letter to be sent via facsimile to Defendant disputing all alleged debts, inclusive of but not limited to, the alleged debt currently on Taylor`s credit report with Defendant.

15.     On November 7, 2016, Acevedo reviewed her credit report again and noticed Defendant had failed to mark the alleged debts as "disputed," or delete them in their entirety.  Defendant has also failed to provide Taylor with any documentation to support the validity of the debt.

16.     Defendant was put on effective, actual notice that the alleged debt due and owing was disputed by Taylor.

17.     To date, Defendant has furnished no documentation, or any other evidence, to Taylor in order to affirm Defendant's position that this is a valid debt. Defendant has failed to delete the

tradeline, or at the very least mark it disputed.  Taylor maintains her position that the debt are in dispute.

18. With the failure to remove the tradeline, or mark same as disputed, Taylor`s credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

19. Defendant's failures are in direct contravention with the dictates of 15 U.S.C. §1692e (8), in that they have failed to communicate that the debt they furnished on Taylor`s credit report is in a state of dispute.

20. Taylor has been damaged and is entitled to relief.

## DAMAGES

WHEREFORE, Plaintiff, Alexa Taylor, requests that this Court enter judgment against Defendant, and on behalf of Plaintiff, as follow:

A. That an order be entered declaring Defendant's actions, as described above, to be in violation of the FDCPA;

B. That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692K(a)(1);

C. That judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. §1692(a)(2)(A) and (B);

D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692K(a)(3); and

E. That the Court grants such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues.

## **RELIEF**

WHEREFORE, Plaintiff, Alexa Taylor, requests that this Court enter judgment against the Defendant and on behalf of Plaintiff for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3):

   A. That the Court grants such other and further relief as may be just and proper.

- 6 -

Date: January 18, 2017

              Respectfully Submitted,

              _____/s/_____
              Essita Duncan, Esquire
              1205 Heritage Hills Drive
              Upper Marlboro, Maryland 20774
              (E) holmesesq@hotmail.com
              (T) (202) 369-7593

              *Attorney for Plaintiff*

              Of Counsel to the firm:
              Law Offices of Michael Lupolover, P.C.
              120 Sylvan Ave., Suite 300
              Englewood Cliffs, NJ 07632
              Telephone: 201-461-0059
              Facsimile: 201-608-7116
              Email: DPF@lupoloverlaw.com